IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. NOVAK, | ) | |
| | ) | No. C05-2056-EJM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| TYSON DELI INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed July 28, 2006[1], and on plaintiff's unresisted Motion to Continue Trial, filed November 20, 2006. Motion for Summary Judgment granted. Motion to Continue Trial denied as moot.

Plaintiff, a resident of Jesup, Iowa, and an employee of defendant Tyson Deli Inc. (Tyson) in Independence, Iowa, at all relevant times, brings this action seeking damages from Tyson for claimed employment discrimination in violation of the Age Discrimination in Employment Act, 29 USC §621 et seq., and IC §216. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiff asserts that on September 3, 2004, defendant terminated his employment on the basis of his age in violation of federal and state law. Defendant seeks summary judgment pursuant to FRCP 56, urging that plaintiff has not come forward with a prima

---

[1] Briefing on the summary judgment motion concluded on September 18, 2006.

facie case of age discrimination, and cannot show that the legitimate non-discriminatory reason for his termination was pretextual.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

To make out a prima facie case of age discrimination, plaintiff must first show that he belonged to a protected class, that he was performing his job at a level meeting his employer's reasonable expectations, that he was terminated, and that his employer filled the vacated position with a person sufficiently younger to permit an inference of age discrimination. Mayer v. Nextel West Corporation, 318 F3d 803, 807 (8th Cir. 2002). Upon plaintiff's coming forward with a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for plaintiff's termination. Upon the defendant's satisfaction of that burden of production, to avoid summary judgment plaintiff must then establish a disputed issue of material fact as to whether defendant's reason was pretextual, and come forward with evidence that allows a reasonable inference that

age was a determinative factor in the termination decision. Mayer, supra, at 807. Iowa law employs the same framework of analysis for this claim. Sievers v. Iowa Mutual Insurance Company, 581 NW2d 633, 638 (Iowa 1998).

In support of its motion for summary judgment, Tyson asserts that it is undisputed that following repeated warnings to improve his compliance with safety procedures, plaintiff deliberately failed to follow his employer's directives regarding certain safety procedures, that another employee was injured as a result, and that when confronted with his failure to follow the directives of his employer, plaintiff was insubordinate. Tyson urges that these undisputed facts demonstrate that plaintiff was not meeting its reasonable expectations, and therefore that plaintiff cannot make out a prima facie case of employment discrimination. Tyson further urges that even if plaintiff can be said to have made out a prima facie case, that there is no disputed issue of material fact as to whether his termination was for a legitimate, non-discriminatory reason.

On the record before the court and in light of the applicable standards, it is the court's view that plaintiff has not established a prima facie case. Specifically, he has not come forward with a disputed issue of material fact as to whether he satisfied his employer's reasonable expectations, particularly as it appears undisputed that he knowingly and willfully failed to follow Tyson's directives as to certain safety procedures. These include intentionally overriding and/or failing to enforce safety procedures with respect to "vat tipping," compliance with "lockout/tagout" standards to ensure that machines cannot start while being maintained, serviced, or cleaned, and failing to

3

ensure that an employee under his supervision was properly trained for working in confined spaces safely. While plaintiff urges that he previously received satisfactory performance reviews, on this record it is the court's view that such past performance reviews do not show that plaintiff was meeting the employer's reasonable expectations, particularly when the reasons for the termination are based upon incidents that are undisputed. <u>Lewis v. St. Cloud State University</u>, 467 F3d 1133, 1137-1138 (8th Cir. 2006). Additionally, while plaintiff asserts that Tyson's expectations were unreasonable, it is the court's view that there is no disputed issue of material fact as to whether it is reasonable for Tyson to expect that plaintiff would not deliberately disregard its important safety directives. Further, it appears undisputed that when the plant manager confronted plaintiff about these incidents, plaintiff's verbal response was "whatever," a response plaintiff accurately acknowledged could be, and was, perceived as insubordinate.

Even if plaintiff were to have made out a prima facie case, it is the court's view that defendant has come forward with a legitimate nondiscriminatory reason for plaintiff's termination, to wit, deliberate failure to follow directives with respect to safety procedures, and insubordination. Moreover, on this record plaintiff has not come forward with a disputed issue of material fact that defendant's reason was pretextual, nor come forward with evidence establishing a reasonable inference that age was a determinative factor in the termination decision.

Due to the court's disposition of this matter, plaintiff's Motion to Continue Trial shall be denied as moot.

4

It is therefore

ORDERED

1. Motion for Summary Judgment granted.

2. Motion to Continue Trial denied as moot.

December 18, 2006.

_Edward J McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT